UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD DEMERIUS KING, | ) |
| *Petitioner*, | ) |
| | ) Case No. 1:20-cv-163 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) |
| *Respondent*. | ) |

## **MEMORANDUM**

Before the Court is Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 in Case No. 1:16-cr-6. (Doc. 2.) The Government has responded in opposition. (Doc. 3.) Petitioner then replied, and later moved to hold the case in abeyance. (Docs. 6, 7.) For the reasons set out below, the Court will **DENY AS MOOT** Petitioner's motion to hold the case in abeyance and will **DENY** Petitioner's motion.

I. BACKGROUND

    A.    Criminal History[1]

From 2011 through 2012, Petitioner was convicted of six felony offenses in Coffee County Circuit Court: possession of a Schedule VI controlled substance with intent to distribute, two counts of failure to appear, sale of a Schedule II controlled substance, and two counts of sale of more than 0.5 gram of cocaine. (Doc. 28 at 4.) He was sentenced to two years' incarceration for possessing a Schedule VI controlled substance with intent to distribute, one year of incarceration for each failure-to-appear conviction, three years' incarceration for selling a Schedule II controlled substance, and eight years' incarceration for each cocaine charge. (*Id.* at 9–13.) The sentences

---

[1] All citations in Section I.A are to the criminal case, no. 1:16-cr-6.

were imposed to run concurrently, and Petitioner was released from custody on February 12, 2013. (*Id.* at 14.)

On November 18, 2015, a police officer responded to a call reporting a fight in front of Petitioner's house. (*Id.* at 3.) The house smelled like marijuana; Petitioner and two adults, A.G. and A.J., were in the house. (*Id.*) After searching the house with a warrant, police found a bag in one of the bedrooms containing 109 grams of marijuana, 38 grams of cocaine, scales, clear baggies, and a Ruger LCP 0.38-caliber pistol loaded with six rounds of ammunition. (*Id.*) The pistol had been reported stolen in Georgia. (*Id.*)

On December 1, 2015, Petitioner told law enforcement that he had purchased the pistol from someone for $80 before reselling it to A.J. for $100. (*Id.*) Petitioner claimed he did not know A.J. had taken the pistol into his house on November 18, 2015. (*Id.* at 4.)

On April 26, 2016, Petitioner pleaded guilty to the sole count of the indictment, felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (Doc. 1, 19). The Magistrate Judge found his plea was made voluntarily and knowingly, with a full understanding of the rights Petitioner waived. (Doc. 21 at 1.) On May 18, 2016, the Court accepted Petitioner's guilty plea. (Doc. 23.)

On November 9, 2016, Petitioner was sentenced to 92 months' imprisonment and three years' supervised release. (Doc. 36 at 2, 3.) Petitioner's projected release date is November 2, 2026. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 1, 2022).

B. § 2255 Petition

On June 19, 2020, Petitioner filed a motion to vacate his sentence and set aside the judgment in his case pursuant to § 2255. (Doc. 2 at 1.) He argues his guilty plea must be vacated

after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which requires the Government to prove that the defendant knew he possessed a firearm and that he belonged to a category of persons barred from possessing a firearm. (*Id.* at 2.) Petitioner contends his guilty plea is void because the Court accepted it without advising him he must have known he had been convicted of a crime punishable by more than one year at the time he possessed the pistol. (*Id.*) Furthermore, *Rehaif* applies retroactively to Petitioner because it announced a substantive rule as required by *Teague v. Lane*, 489 U.S. 288 (1989). (*Id.* at 5.) *Rehaif* changed the Court of Appeals for the Sixth Circuit's interpretation of § 922(g), so it is a decision that narrowed the class of persons punishable by § 922(g), which is therefore substantive. (*Id.*)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence when the sentence imposed was in violation of the Constitution or federal law, the court was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. To prevail on a § 2255 motion, the petitioner "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)). Thus, "a petitioner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). This is in line with the historic meaning of habeas corpus, which is "to afford relief to those whom society has 'grievously wronged.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

3

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." *See* Rules Governing Section 2255 Proceedings in United States District Courts Rule 4(b).

If the motion is not summarily dismissed, Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the district court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. *See* Rules Governing Section 2255 Proceedings in United States District Courts Rule 8(a). A petitioner's burden of establishing that he is entitled to an evidentiary hearing is relatively light. *See Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). If a petitioner presents a legitimate factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

An evidentiary hearing is not required, however, if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Martin*, 889 F.3d at 832 (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (internal quotation marks omitted)). Nor does a petitioner's assertion of innocence, without more, entitle him to a hearing. *Martin*, 889 F.3d at 832.

### III.  DISCUSSION

The Court conducted an initial review of Petitioner's § 2255 motion and determined from its face that it should not be summarily dismissed. Upon further review of the submissions of the parties, the record, and applicable law, the Court finds that a hearing is not necessary to resolve the motion. The Court will address each of Petitioner's arguments in turn.

A. **Motion to Hold in Abeyance**

As an initial matter, the Court will deny as moot Petitioner's motion to hold in abeyance any ruling on this matter. (Doc. 7.) Petitioner requests a stay on the grounds of serving the ends of justice and providing for judicial economy because there were two cases pending before the U.S. Supreme Court that could directly affect Petitioner's sentence: *United States v. Michael Andrew Gary*, No. 20-444, and *United States v. Rodney Lavalais*, No. 20-5489. (*Id.* at 1–2.) On June 21, 2021, the Supreme Court denied Lavalais's petition for writ of certiorari. *Lavalais v. United States*, 141 S. Ct. 2807 (2021). On June 14, 2021, the Supreme Court issued its decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), which was a consolidated case addressing *Gary*. Because the Supreme Court has issued a decision on both then-pending cases, Petitioner's motion to hold this case in abeyance is moot.

B. **Procedural Default**

As a threshold matter, the Government asserts the affirmative defense of procedural default. (Doc. 3 at 2.) "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). The Government argues Petitioner has not shown and cannot show he falls within either exception to the procedural default rule. (Doc. 3 at 2.)

First, the Government argues Petitioner cannot show cause for his failure to raise an objection about his knowledge of his felon status on direct review. (*Id.* at 3.) Petitioner's arguments in his § 2255 motion are not so novel that their legal bases are not readily available to counsel upon direct review, given the decision in *United States v. Olender*, 338 F.3d 629, 636–37

5

(6th Cir. 2003), holding the Government did not have to prove the defendant knew he was a felon at the time of the offense. (*Id.*) And although an objection to Petitioner's knowledge of his status as a felon would have been futile before *Rehaif*, it is well established that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" (*Id.* (quoting *Bousley*, 523 U.S. at 623 (internal citations omitted)).)

Second, the Government argues Petitioner cannot show he is "actually innocent" because he cannot show that it was more likely than not no reasonable juror would have convicted him. (Doc. 3 at 3.) "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Petitioner had been convicted of at least four felonies in state court—earning a sentence of eight years' imprisonment—prior to his 2015 felon-in-possession charge. (Doc. 3 at 4.) Therefore, the Government argues, "Although [Petitioner] was released to probation after about six months, any reasonable jury would have found that [Petitioner] knew he had been convicted of an offense punishable by more than one year in prison." (*Id.* at 4.)

In reply, Petitioner argues *Rehaif* overturned a near unanimous body of lower court authority, which demonstrates cause under *Reed v. Ross*, 468 U.S. 1, 17 (1984). (Doc. 6 at 3.) Before *Rehaif*, the Courts of Appeals for the District of Columbia, First Circuit, Third Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, Seventh Circuit, Eighth Circuit, Ninth Circuit, Tenth Circuit, and Eleventh Circuit had held that § 922(g) did not require proof of the defendant's knowledge of his prohibited status. (*Id.*) Given this near unanimous body of Court of Appeals precedent, Petitioner contends he had cause for failing to raise this issue upon direct appeal. (*Id.* at 4.)

6

Case 1:20-cv-00163-CLC-CHS   Document 10   Filed 12/16/22   Page 6 of 9   PageID #: 45

The Court agrees with the Government that Petitioner procedurally defaulted his claim by failing to raise it upon direct appeal. In *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022), the Sixth Circuit held that failing to raise a *Rehaif* claim during the pendency of the criminal litigation means that it cannot be raised in an "after-the-fact" § 2255 motion. This is true even when *Rehaif* postdates the defendant's guilty pleas, such as here. *Id.* at 600, 602. "[I]t would be self-refuting for [Petitioner] to argue that he could not have presented his claim until after *Rehaif* was decided. After all, the defendant in *Rehaif* did just that." *United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019), *rev'd on other grounds*, *Wooden v. United States*, 142 S. Ct. 1063 (2022). Petitioner failed to raise his *Rehaif* claim upon direct appeal, and so the Court must reject his § 2255 petition as procedurally defaulted.

### C. Knowledge Requirement Under *Greer*

The Court concludes that Petitioner's § 2255 motion is procedurally defaulted. However, for the sake of thoroughness, the Court will address the effect of *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021), which is a consolidated case including *United States v. Michael Andrew Gary*, No. 20-444, where the defendant pleaded guilty despite not being advised during his plea colloquy that were he to proceed to trial, a jury would have to find he knew he was a felon when he possessed the firearms.

"In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon." *Greer*, 141 S.Ct. at 2097. When a defendant has been convicted of multiple felonies, "a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the

7

decision to plead guilty." *Id.* In other words, to warrant relief for *Rehaif* error, the defendant must make a sufficient argument on appeal that he would have presented evidence at trial that he did not know he was a felon. *Id.* at 2100.

Petitioner is a convicted felon who knew he was a convicted felon when he pleaded guilty. It is telling that at no time during his plea or sentencing did he dispute his felon status. Indeed, in his objection to the presentence investigation report, his main contention was that his criminal history category overrepresented the seriousness of his past convictions. (Doc. 27 at 4 in Case No. 1:16-cr-6.) Namely, he contested receiving four criminal history points for two marijuana offenses and six criminal history points for three traffic offenses. (*Id.* at 5.) In so arguing, he wrote that he had "a *felony* conviction for marijuana." (*Id.* (emphasis added)). As a final point, it stretches credulity to believe Petitioner would have presented evidence had he proceeded to trial that he did not know he was a felon at the time the pistol was in his house. He was twenty-eight when he pleaded guilty to multiple narcotics offenses and was sentenced to eight years' incarceration. (Doc. 28 at 13–14 in Case No. 1:16-cr-6.) Even with the *Rehaif* error in Petitioner's plea colloquy, there is simply no reasonable probability that the outcome of his criminal proceedings would have been different.

Accordingly, Petitioner's claim would still fail even if it were not procedurally defaulted.

VI.     **CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 motion (Doc. 1) will be **DENIED**. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of

8

Case 1:20-cv-00163-CLC-CHS   Document 10   Filed 12/16/22   Page 8 of 9   PageID #: 47

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review because Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255. Accordingly, a COA will not issue. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001).

      **AN APPROPRIATE ORDER WILL ENTER.**

      /s/
      **CURTIS L. COLLIER**
      **UNITED STATES DISTRICT JUDGE**